# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02089-JLK-DLW

**COLORADO WILD, INC.,**
**SAN LUIS VALLEY ECOSYSTEM COUNCIL,**

**Plaintiffs,**

v.

**U.S. FOREST SERVICE, a federal agency within the U.S. Department of Agriculture,**

**Defendant.**

_____

# RECOMMENDATION OF MAGISTRATE JUDGE ON
# PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER
_____

**ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Plaintiffs, Colorado Wild, Inc. and San Luis Valley Ecosystem Council filed a Motion and Memorandum in Support for Temporary Restraining Order which was referred to the Magistrate Judge for ruling by Judge John L. Kane, on October 26, 2006.

Having reviewed the pleadings and filings of all parties, the Court finds that Plaintiffs have demonstrated a likelihood of success on the merits and that the balance of equities weighs in favor of granting the requested Temporary Restraining Order, therefore;

**IT IS HEREBY RECOMMENDED** that Plaintiffs' Motion for Temporary Restraining Order is hereby **GRANTED**.

**IT IS RECOMMENDED** that Defendant is to refrain from authorizing, through issuance of special use permits, implementation of the terms of such permits, (*e.g.* pre-requisite pre-work meetings), or

otherwise, whether through written or oral communication, any ground disturbing construction activity on either the Snowshed or Tranquility Roads, or Forest Service Road ("FSR") 391.

**IT IS RECOMMENDED** that Defendant is further **ENJOINED** submitting any application, or entering into any agreement regarding such applications, to the Colorado Department of Transportation for access permits connecting the Snowshed or Tranquility Roads, or FSR 391, with U. S. Highway 160.

**IT IS RECOMMENDED** that Defendant is further **ENJOINED** from taking any other action implementing the Application for Transportation and Utility Systems and Facilities for the Village at Wolf Creek Final Environmental Impact Statement ("FEIS") and Record of Decision ("ROD").

This Order shall remain in effect and the above actions enjoined until such time as the Court has had an opportunity to rule on Plaintiffs' Petition for Review of Agency Action, pursuant to *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560 (20th Cir. 1994), seeking permanent injunctive relief under a reasonably expedited schedule as set forth below by the Court:

| | |
|---|---|
| Defendant's filing of the Administrative Record and Answer | December 19, 2006 |
| Briefing on Plaintiffs' Motion to Supplement the Administrative Record (if necessary) to be completed by | January 2, 2007 |
| Plaintiffs' Petition for Review of Agency Action Opening Brief | January 8, 2007 |
| Defendant's Response Brief | January 15, 2007 |
| Plaintiffs' Reply Brief | January 22, 2007 |

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file**

**written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

**DATED: November 16, 2006**

                                                          **BY THE COURT:**

                                                          s/David L. West

                                                          **United States Magistrate Judge**