IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **06-cv-2089-JLK-DLW**

**COLORADO WILD, INC., and
SAN LUIS VALLEY ECOSYSTEM COUNCIL**,

       Plaintiffs,

v.

**UNITED STATES FOREST SERVICE, A Federal Agency within the U.S. Department of Agriculture,**

       Defendant,

and

**LEAVELL-McCOMBS JOINT VENTURE,**

       Intervenor-Defendant.

_____

**ORDER ON RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**
_____

Kane, J.

This matter is before me on the June 5, 2007 Findings and Recommendation Re: Plaintiffs' Motion to Continue Preliminary Injunction Through Decision on the Merits by Magistrate Judge David L. West. In the cited Motion, Plaintiffs request that the preliminary injunction stipulated by the parties and entered as an order of this Court on November 22, 2006, *see* Order on Jt. Stip. re: Scheduling & for Prel. Inj. Relief (Doc. 29), be continued until this Court issues its final decision on the merits of Plaintiffs' claims. Plaintiffs assert they are entitled to the requested relief because the

stipulated injunction expired on June 15, 2007,[1] yet continued preliminary injunctive relief is necessary to maintain the status quo and preserve the relative positions of the parties until a decision on the merits is reached.

In his Recommendation, the Magistrate Judge considered Plaintiffs' arguments in support of their motion, and the Defendant's and Intervenor-Defendant's arguments in opposition, under the Tenth Circuit's four-part test for a preliminary injunction that would prohibit a non-movant from acting in a manner that disturbs the status quo. *See* Recommendation at 4-11 (citing and applying test set forth in *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004)). Applying this test, the Magistrate Judge recommended that I grant Plaintiffs' motion and continue the previously stipulated injunction until the final decision on the merits subject to one modification: that Defendant United States Forest Service be permitted to conduct annual road maintenance on U.S.F.S Road 391 as appropriate to assure public safety and to make any necessary improvements to Alberta Lake (*i.e.*, a proposed boat ramp).

Under Rule 72(b), my review of the June 5, 2007 Findings and Recommendations is *de novo* as to any portion to which specific written objection was made, and I may accept, reject, or modify the Magistrate Judge's recommendation under this standard. No

---

[1] The stipulated preliminary injunction expired under the terms of the November 22, 2006 Order on May 1, 2007, but the parties stipulated to extend it until June 15, 2007.

objections were filed by any party with respect to the Magistrate Judge's Findings and Recommendations.

After carefully reviewing the Findings and Recommendations, together with relevant authority, documents and pleadings, I agree with the Magistrate Judge's analysis and conclusions regarding Plaintiffs' request to continue the previously stipulated preliminary injunction until the final decision on the merits of this action. Plaintiffs have demonstrated that they will suffer irreparable injury unless the injunction issues, the threatened injury to Plaintiffs outweighs whatever damages continuation of the injunction would cause Defendant and Defendant-Intervenor, and continuation of the injunction is not adverse to the public interest. Plaintiffs have also demonstrated, at minimum, the existence of questions "so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberative investigation." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (quotations, alterations omitted); *see O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 1002 (10th Cir. 2004) (Seymour, J. concurring in part and dissenting in part). Where, as here, Plaintiffs have established that the other three factors tip decidedly in their favor, this showing satisfies the final requirement that they also demonstrate a likelihood of success on the merits. *See Heideman*, 348 F.3d at 1189. Issuance of the injunction will serve the paramount purpose of preliminary injunctive relief, which is to assure that the non-movant does not take unilateral relief that would prevent the court from providing effective relief to the movant should it ultimately prevail on the merits.

*See Bray v. QFA Royalties LLC*, __ F. Supp. 2d ___, 2007 WL 1306517 (D. Colo. May 3, 2007).

Accordingly, I ADOPT the Findings and Recommendation as an Order of the Court and GRANT Plaintiffs' Motion to Continue Preliminary Injunction Through Decision on the Merits (Doc. 86), with the modification recommended by the Magistrate Judge.

It is therefore ORDERED that the previously stipulated preliminary injunction, as set forth in the Order entered on November 22, 2006 (Doc. 29), is continued through the date of the final decision on the merits of this action; provided, however, that Defendant Forest Service may perform routine annual maintenance on U.S.F.S. Road 391 as appropriate to assure public safety and may make any necessary improvements to Alberta Lake, namely a proposed boat ramp, as it deems appropriate.

Dated this 25th day of June, 2007.

            s/John L. Kane
            John L. Kane, Senior District Judge
            United States District Court