IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-02089-JLK-DLW

**COLORADO WILD, INC.,**
**SAN LUIS VALLEY ECOSYSTEM COUNCIL,**

**Plaintiffs,**

v.

**U.S. FOREST SERVICE**, a federal agency within the U.S. Department of Agriculture,

**Defendant.**

v.

**LEAVELL-McCOMBS JOINT VENTURE,**

**Intervenor-Defendant.**
_____

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING PLAINTIFFS' MOTION TO COMPLETE AND SUPPLEMENT
THE ADMINISTRATIVE RECORD, AND FOR LEAVE
TO CONDUCT LIMITED DISCOVERY**
_____

**ORDER ENTERED BY MAGISTRATE JUDGE DAVID L. WEST**

Upon review of Plaintiffs' Motion to Complete and Supplement the Administrative Record, and for Leave to Conduct Limited Discovery to Develop the Administrative Record, and Defendant and Defendant-Intervenors' opposition thereto:

**IT IS HEREBY ORDERED**, that consistent with the Findings of Fact and Conclusions of Law identified in this Order, Plaintiffs' Motion to Complete and Supplement the Administrative Record is **GRANTED**.

1

**IT IS FURTHER ORDERED,** that Plaintiffs having withdrawn their request for discovery, said request is **DENIED.**

**IT IS FURTHER ORDERED**, that Plaintiffs' Motion to Strike the Declaration of Margaret Gallegos, (Dkt. #62), said request having been withdrawn by Plaintiffs, the Motion to Strike is hereby **DENIED.**

## BACKGROUND

Plaintiffs filed their Complaint for Declaratory and Injunctive Relief in this administrative appeal ("AP") docket case on October 19, 2006. (Dkt. #1) In their Complaint, Plaintiffs challenge the U.S. Forest Service's ("USFS") Application for Transportation and Utility Systems and Facilities for the Village at Wolf Creek Final Environmental Impact Statement (March, 2006) (hereinafter "Wolf Creek FEIS"), prepared pursuant to the National Environmental Policy Act, ("NEPA"), 42 U.S.C. § 4332 *et seq.*; the subsequent Record of Decision (March, 2006) ("ROD"); and finally, an August, 2006 letter to the developer of the proposed Village at Wolf Creek, Leavell-McCombs Joint Venture ("LMJV"), allegedly modifying the terms of the ROD.

The USFS lodged its initial administrative record with the Court on December 22, 2006. (Dkt. #37) On February 16, 2007, the USFS filed the Declaration of Margaret Gallegos, (Dkt. #60), attaching thereto a log of allegedly privileged documents being withheld from the administrative record. Plaintiffs moved to strike the Gallegos declaration, on February 23, 2007. (Dkt. #62).

On April 11, 2007, a hearing was held before this Court on Plaintiffs' Motion to Complete the Administrative Record. During the hearing, this Court found that the sample e-mail communications between the USFS's NEPA contractor, Tetra Tech, Inc. and LMJV (submitted as exhibits by Plaintiffs) appeared to violate the Memorandum of Understanding ("MOU") and

2

Communications Protocol developed by the USFS, Tetra Tech and LMJV to govern the parties' relationships during the development of the Wolf Creek FEIS, (WC21361, 21365 ¶ D.12; 21368 ¶ F.4; *see also* WC21137, 21147), and further pointed to the likely existence of similar communications which had not yet been furnished to Plaintiffs. The USFS stated that it did not presently, nor did it in the past, have any such documents in its possession.

Following the April 11, 2007 hearing this Court issued its "Courtroom Minutes" memorializing the agreement reached during that hearing that:

> counsel for the U.S. Forest Service and the Intervenor-Defendant, Leavell McCombs Joint Venture will jointly contact Tetra Tech to obtain documents and communications between Tetra Tech and the Developer and furnish same to Plaintiffs,

(Dkt. #72)

During a telephonic status conference between all parties and this Court, on May 9, 2007, the parties confirmed that the USFS had furnished Plaintiffs with a box of documents and a compact disc containing e-mail communications, primarily between Dr. Mark Blauer of Tetra Tech and Mr. Bob Honts of LMJV, in response to the above agreement. *See* Dkt. #84. Plaintiffs pointed out, and the USFS acknowledged, that the recent disclosure of Tetra Tech-LMJV communications was incomplete as it did not include the very sample e-mail communications between Tetra Tech and LMJV which set this disclosure process in motion. The USFS explained that Tetra Tech was unable to produce those files, and in turn the USFS was therefore unable to furnish them to Plaintiffs, because Tetra Tech had erased the hard drive of Dr. Blauer's computer.

In light of this omission and apparent inability of either the Forest Service of Tetra Tech to produce the original sample communications, LMJV agreed, as the other party to the subject e-mail communications, to furnish such files to Plaintiffs, (*See* Dkt #85), and subsequently did so.

On June 14, 2007, this Court approved and entered an unopposed protective order filed by the Forest Service, pursuant to which numerous documents previously withheld under an assertion of the deliberative process privilege, would be furnished to Plaintiffs for use in this litigation. (Dkt. #102) In response to this disclosure and filing, Plaintiffs have agreed to withdraw their motion to strike the Gallegos declaration.

Further, Plaintiffs have determined not to pursue their request for discovery, and instead have expressed a desire to proceed to briefing the merits of their claims requesting permanent injunctive relief through a petition for review of final agency action.

## STANDARDS OF LAW

The APA provides for judicial review of agency action based on the adversarial review of the administrative record. 5 U.S.C. § 706; ***Franklin Savings Ass'n. Dir. of Office of Thrift Supervision***, 934 F.2d 1127, 1137 (10th Cir. 1991). "An agency's decision is entitled to a presumption of regularity, 'but that presumption is not to shield [the agency's] action from a thorough, probing, in-depth review.'" ***Olenhouse v. Commodity Credit Corp.***, 42 F.3d 1560, 74 (10th Cir. 1994) (citations omitted).

A complete and thorough administrative record is necessary so that the Court can decide whether the agency "failed to consider an important aspect of the problem," or failed to "explain the evidence which is available," which would render the decision arbitrary and capricious under the APA. ***Motor Vehicle Manufacturers Ass'n. v. State Farm Mutual Automobile Insurance Co.***, 463 U.S. 29, 43 (1983). However, before the district court can review the parties' dispositive motions and merits briefs in an administrative record review case, it "must have before it the 'whole record' on which the agency acted." ***Bar MK Ranches v. Yuetter***, 994 F.2d 735, 739 (10th Cir. 1993). The

"whole record" consists of "all documents and materials directly or indirectly considered by the agency." Id. At 739.

Separate from the standard requirement that judicial review of agency action is normally restricted to the administrative record before the agency at the time of its decision, Courts may, for purposes of developing their own record for judicial review purposes, consider extra-record evidence in instances such as in the present case, where "the agency ignored relevant factors it should have considered or considered factors left out of the formal record." **_Lee v. U.S. Air Force_**, 354 F3d 1229, 1242 (10th Cir. 2004). Courts may also delve outside the administrative record when there is a "strong showing of bad faith or improper behavior." **_Citizens to Preserve Overton Park, Inc. v. Volpe_**, 401 U.S. 402, 420, 91 S. Ct. 814, 28 L.Ed. 2d 136 (1971). In some circumstances, extra-record evidence "may illuminate whether an [environmental impact statement] has neglected to mention a serious environmental consequence, failed adequately to discuss some reasonable alternative, or otherwise swept stubborn problems or serious criticism... under the rug." **_Lee_**, 354 F.3d at 1242 (internal quotations omitted).

**FINDINGS OF FACT AND CONCLUSION OF LAW**

Based on the background presented above, the Court finds as follows:

1. Because of the clear evidence of the destruction of the computer hard drive belonging to Dr. Mark Blauer of Tetra Tech, Inc., which may have contained files required by the MOU to be preserved for inclusion in the Administrative Record, the Court hereby **FINDS** that the Administrative Record before the USFS when it issued the FEIS and ROD was incomplete;

2. Although the USFS was diligent in its efforts to produce the Administrative Record and additional documents in this case, because the USFS did not possess or review pertinent

communications between Tetra Tech, Inc. and LMJV (as required by the MOU) in possession of Tetra Tech, Inc. when the USFS issued the FEIS and ROD, the Court **FINDS** that the Administrative Record is incomplete;

3. Consistent with the applicable MOU (WC21361, 21365 ¶ D.11; 21368 ¶¶ F.2, F.7) requiring Tetra Tech, Inc. to maintain the Administrative Record for the FEIS, and because of the potential bias of Tetra Tech, Inc. found in Ex. 3 of Plaintiffs' Motion to Complete and Supplement the Administrative Record, (Dkt. #41) where it appears Tetra Tech, Inc. is attempting to influence USFS policy, and in order to complete the Administrative Record, the Court hereby **FINDS** that the Administrative Record should be supplemented with all documents and files in Tetra Tech, Inc.'s possession relating to the development of the FEIS, including all communications between Tetra Tech, Inc. and LMJV.

4. Based on the foregoing, the Court **FINDS** that the USFS should not be entitled to a presumption of regularity regarding the development of the Administrative Record in this case;

5. The Court **FINDS** that a complete record on the matter raised in Claim Three of Plaintiff's Complaint, alleging that the USFS August 28, 2006 letter that modified the ROD, is necessary for an appropriate review of this issue, and to date the USFS has failed to produce such a record. The Court **FINDS** that the USFS should add to the Administrative Record all USFS agency records related to the issuance of the August 28, 2006 letter.

6. The Court **FINDS** that, except for the records related to the August 28, 2006 letter, the USFS preparation and designation of the Administrative Record is now complete.

7. The Court **FIN DS** that for the benefit of the Court's record for judicial review, the parties may use as evidence and attachment any information contained in the materials released by Defendant and Defendant-Intervenor to Plaintiffs during these proceedings.

Based on the foregoing, the Court hereby **ORDERS** as follows:

1. Plaintiffs' request for discovery is **DENIED.**

2. Plaintiffs' Motion to Strike the Declaration of Margaret Gallegos, said Motion having been withdrawn by Plaintiffs, the Motion to Strike is hereby **DENIED.**

3. The Court **ORDERS** that the Administrative Record is comprised of the following:

(a). Original Administrative Record of (3) three compact discs filed on December 22, 2006;

(b). Supplemental Administrative Record of (1) one compact disc dated January 29, 2007;

(c). A fifth compact disc titled "Administrative Record Vol. 5, WC031579-032441" delivered to Plaintiffs on July 7, 2007;

(d). Tetra Tech, Inc. documents released by the USFS or LMJV to Plaintiffs pursuant to agreement reached April 11, 1007 (Dkt. #72);

(e). Tetra Tech, Inc. document released to Plaintiffs by LMJV and USFS pursuant to agreement noted in the Court's May 11, 2007 Minute Order (Dkt. #85);

(f). All documents related to the August 28, 2006 letter; and

(g). Documents provided under Protective Order (Dkt. #s 98-2, 98-3).

4. The Court **ORDERS** that the USFS shall produce to the parties and add to Administrative Record complete versions of all records related to the issuance of the August 28, 2006 letter by November 30, 2007.

5.  The Court **ORDERS** that for the benefit of the Court's record for judicial review, the parties may use as evidence and attachments any information contained in the materials released by Defendant and Defendant-Intervenor to Plaintiffs during these proceedings.

**IT IS SO ORDERED.**

**DATED: November 1, 2007**

> **BY THE COURT:**
>
> **s/David L. West**
>
> **United States Magistrate Judge**

**NOTICE:  Pursuant to Fed. R. Civ. P. 72(a), "[w]ithin 10 days after being served with a copy of the magistrate's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made.  The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law."  See  28 U.S.C. § 636(b)(1)(A) ("a judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate's order is clearly erroneous or contrary to law.").**